## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Action No. 23-cr-00326-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LEONEL CASTILLO,

    Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Albert Buchman, Assistant United States Attorney for the District of Colorado, and the defendant, Leonel Castillo, personally and by counsel, Charles W. Elliot, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I.    AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to:

(1)    plead guilty to Count 1 of the Indictment charging a violation of 18 U.S.C. 922(a)(1)(A), Engaging in the Business of Dealing Firearms Without a License;

(2)    admit to the forfeiture allegation in the indictment, as explained in detail below;

(3)    waive certain appellate and collateral attack rights, as explained in detail below.

COURT EXHIBIT
1

## B. Government's Obligations:

This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B). The government agrees to:

(1)     recommend a sentence at the low-end of the advisory guideline range as finally calculated by the Court;

(2)     move to dismiss Counts 2, 3, 4, and 5 of the Indictment with prejudice. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment. The parties understand that this agreement is not binding on the Court;

(3)     provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

## C. Defendant's Waiver of Appeal:

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1)     the sentence exceeds the maximum sentence provided in the statute of conviction, 18 U.S.C. § 922(a)(1)(A);

(2)     the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 23; or

(2)    the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1)    the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2)    the defendant was deprived of the effective assistance of counsel; or

(3)    the defendant was prejudiced by prosecutorial misconduct.

The defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18

U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. Forfeiture of assets:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to:

|   | Manufacturer | Model | Caliber | Serial Number | Type |
|---|---|---|---|---|---|
| 1 | Colt | 1911 | .45 | GV035287 | Handgun |
| 2 | FN | SCAR | 5.56 | L1C124327 | Rifle |
| 3 | Sig Sauer | P320 | 9mm | FCU337574 | Handgun |
| 4 | Taurus | Judge | .45/410 gauge | KX342601 | Handgun/Shotgun |
| 5 | German Sport Guns | GSG-5 | .22 | A26 5166 | Rifle |
| 6 | Smith & Wesson | M&P 15 | 5.56 | TF73472 | Rifle |
| 7 | Century Arms | BFT47 | 7.62 | BFT47P0458 | Rifle |
| 8 | Hugulu Cooperative | CZ 712 G2 | 12 gauge | 21A4855 | Shotgun |
| 9 | All recovered ammunition | | | | |

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the

defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames.

## II.    ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Engaging in the Business of Dealing Firearms Without a License are as follows:

### Count One:  18 U.S.C. § 922(a)(1)(A)

*First*: the defendant was a dealer in firearms, engaged in the business of selling firearms at wholesale or retail;

*Second*: the defendant engaged in such business without a license issued under federal law; and

*Third*: the defendant did so willfully, that is, that the defendant was dealing in firearms with knowledge that his conduct was unlawful.

## III.    STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count 1 of the Indictment is: not more than five years' imprisonment; not more than $250,000 fine; or both; not more than three years of supervised release; $100 special assessment fee.

## IV.    COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V.    STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of

conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

At no time has the defendant obtained or held a Type 01 federal firearms license that allowed him to engage in the business of dealing firearms. The defendant operated a business utilizing Facebook.com to raffle items such as shoes, sports tickets, and other luxury items. From on or about September of 2022 to on or about May 23, 2023, the defendant also willfully engaged in a business that utilized Facebook.com to deal firearms by way of these online raffles. The firearms raffles were a regular course of the defendant's business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms. The defendant profited from the business.

In that business, the defendant devoted time, attention, and labor to obtaining firearms to raffle. He first purchased the firearms from federal firearms licensees or third-party private sellers, paying those parties prior to raffling the firearm. Those firearms would then be held or transferred into the possession of two federal firearms licensees, M.A.O. and O.A. Although in most cases he did not take physical possession of the firearms himself, the defendant was ready and able to procure firearms and did in fact

procure firearms for the purpose of selling them through online raffles to raffle participants (customers).

After buying firearms, the defendant devoted time, attention, and labor to operating the firearms raffles to sell those firearms directly to participants (customers). In doing so, he advertised the raffles for these firearms in a private online group on Facebook.com. Raffle participants (customers) paid the defendant for the opportunity to win the firearms, sending money through online money transfer applications from which he profited. The defendant selected winners in individual raffles for specific firearms by utilizing a form of randomized selection, often doing that selection on live video feeds for participants to witness. Upon the participant's winning a firearm from a raffle, the defendant communicated with and directed the participants to the federal firearms licensee who held the firearm, M.A.O. or O.A. Participants obtained physical possession of the firearm through a direct transfer from M.A.O.'s or O.A.'s possession.

The defendant knew his conduct was unlawful.

## VI.    ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. To aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government also has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a) Under USSG § 2K2.1(a)(5), the base offense level is **18** because the offense involved a firearm described in 26 U.S.C. § 5845(a). The defendant disputes the government's calculation. Rather, he believes the offense is a **14** because he was a prohibited person at the time he committed the instant offense per USSG § 2K2.1(a)(6).

b) Specific offense characteristics:

    a. The government calculates there is an **eight-level increase** because the offense involved 100-199 firearms per USSG § 2K2.1(b)(1)(D). The defendant believes there is a six-level increase because the offense involved 25-99 firearms per USSG § 2K2.1(b)(1)(C).

c) Adjustments: There are no victim-related, role-in-offense obstruction, grouping, and/or multiple-count adjustments.

d) The government calculates the adjusted offense level as **26**. The defendant, **20**.

e) Acceptance of responsibility: The defendant should receive a **three-level** adjustment for acceptance of responsibility under USSG § 3E1.1.

f) The government calculates the total offense level as **23**. The defendant, **17**.

g) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category **III**.

h)  The career offender/criminal livelihood/armed career criminal adjustments do not apply.

i)  The government calculates the advisory guideline range resulting from these calculations as **57-71 months'**. **Because the statutorily authorized maximum sentence of 60 months' is less than top of that advisory guideline range, the defendant's advisory guideline range is 57-60 months'.** However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from **46** months' (bottom of Category I) to **115** months' (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

Because he disputes the application of the base level at USSG § 2K2.1(a)(5) and the enhancement at § USSG 2K2.1(b)(1)(C), the defendant calculates the advisory guideline range as **24-30 months'**.

j)  Pursuant to guideline § 5E1.2, assuming the government's estimated offense level above is correct, the fine range for this offense would be $20,000 to $200,000 plus applicable interest and penalties.

k)  Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term at least one year, but not more than three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.    ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 2/28/24

_____
Leonel Castillo
Defendant

Date: 2/28/24

_____
Charles W. Elliot
Attorney for Defendant

Date: 3/7/24

_____
Albert Buchman
Assistant U.S. Attorney